UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THEODORE MALCOLM EDGECOMB,

          Petitioner,

   v.                                            Case No. 22-cv-0427-bhl

EARNELL R. LUCAS,

          Respondent.

## ORDER SCREENING AND DISMISSING PETITION

        Theodore Malcomb Edgecomb filed a petition for writ of habeas corpus under 28 U.S.C. §2241 on April 6, 2022. (ECF No. 1.) That same day, Edgecomb paid the $5.00 filing fee. In his petition, Edgecomb alleges that he has been "falsely detained," "arrested without a warrant or legal complaint," and that "the state of Wisconsin, came to Kentucky and arrested me." Edgecomb claims a "violation of his constitutional rights" and that the "process … used for [his] extradition was illegal." (*Id.* at 2, 13.) Edgecomb requests immediate release from custody with an affordable bond. (*Id.* at 15.) Edgecomb is not an immigration detainee. (*Id.* at 7.) Edgecomb confirms that he has not filed any appeals, filed a grievance, or sought an administrative remedy for his claims. (*Id.* at 8-12.) Edgecomb's petition indicates he then had a pending sentencing on April 8, 2022. (*Id.* at 3.) Because Edgecomb is not eligible for habeas relief, the Court will dismiss the petition.

        Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Court permits the Court to "apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." The Court will apply those rules here.

        Rule 4 of the Rules Governing Section 2254 Cases requires the Court to "promptly examine" the petition—

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge

> must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During its initial review of habeas petitions, the Court examines whether the petitioner has set forth cognizable constitutional or federal claims and has exhausted his available state remedies.

According to the publicly available docket from Edgecomb's state court criminal case, things have progressed since he filed his petition. *See State v. Edgecomb*, Milwaukee County Circuit Court Case No. 2020CF003535 (available electronically at https://wcca.wicourts.gov). The state court docket shows that Edgecomb was initially charged in a criminal complaint and an arrest warrant was issued against him on October 2, 2020. On March 27, 2021, he was charged in an amended complaint and appeared in court with counsel. He was then in custody and thereafter, appeared for multiple court hearings while remaining in custody. On January 18, 2022, Edgecomb pled guilty to counts 2 and 3 of the amended complaint but exercised his right to a jury trial on count one, a charge of first degree reckless homicide, use of a dangerous weapon. On January 26, 2022, a jury returned a guilty verdict against him on that count. At his April 8, 2022 sentencing, Edgecomb received a sentence of 37-years imprisonment (confinement of 25 years and extended supervision of 12 years). Edgecomb's appeal is currently pending before the Wisconsin state courts.

Edgecomb filed this §2241 petition to challenge a state criminal prosecution that, at the time he filed his petition, was on-going and is now on appeal. A "state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release" must seek relief under 28 U.S.C. §2254. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("Roughly speaking, … §2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody …."). And, a district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982). Exhaustion "requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999).

Here, Edgecomb's petition is premature. He is still pursuing state judicial proceedings and those procedures offer Edgecomb an adequate opportunity for review of any constitutional violations. Until he exhausts those procedures, his petition is premature and must be dismissed.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because no reasonable jurists could debate that the petition should have been resolved differently, the Court will not issue a certificate of appealability.

Accordingly, **IT IS ORDERED** that Edgecomb's petition for writ of habeas corpus, ECF No. 1, is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability. The Clerk of Court is directed to notify the petitioner and enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 26, 2022.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge
